## Riepenhoff v. Riepenhoff
### Case No. 597
### Jackson County (4th)
### Decided February 8, 1990
[Cite as 1 AOA 140]

*Counsel for Appellant: Marshall B. Douthett, 239 Main Street, Jackson, Ohio 45640,*

*Counsel for Appellee: Richard M. Lewis, 295 Pearl Street, Jackson, Ohio 45640.*

GREY, J.

This is an appeal from a judgment of the Jackson County Court of Common Pleas modifying the child support payments made by Joseph Riepenhoff. We reverse.

The record reveals the following facts. The parties were divorced in 1982. Dorothy Riepenhoff (now Trace) received custody of the parties' four minor children. The court ordered Riepenhoff to pay five hundred and seventy dollars per month for child support. At the time of the divorce Riepenhoff was president and owner of 117 shares of stock of Wellston Bottling Company, a closely held Sub-Chapter S corporation. Riepenhoff received a salary from the corporation but was also entitled to a portion of the earnings of the corporation. These earnings however were retained in the corporation and not distributed.

In February 1986 the oldest of the parties' four children elected to live with his father. On July 16, 1987 Trace filed a motion to modify Riepenhoff's child support obligation and change custody of the eldest child since the child had elected to again live with his mother.

On November 30, 1987 the trial court filed its entry granting Trace's motion to modify Riepenhoff's child support obligation and ordered Riepenhoff to pay two hundred and thirty nine dollars per week until the oldest child, Arthur Riepenhoff, became emancipated. At that time, Riepenhoff's support obligation would again be modified. The trial court also stated that Riepenhoff's gross income would be deemed to include his salary plus one half of the retained Sub Chapter S corporation earnings.

On October 3, 1988 the trial court again modified Riepenhoff's child support obligation, decreasing it to two hundred thirty eight dollars per week for the support of three children. The trial court arrived at the above figure by taking Riepenhoff's salary of fifty two thousand dollars, adding to it half of Riepenhoff's retained earnings in the Sub-Chapter S corporation, nine thousand dollars, for a total gross income of sixty one thousand dollars, and applying the rest of the Supreme Court guidelines to that sixty one thousand dollar figure.

After the trial court filed its order in the matter, Riepenhoff requested findings of fact and conclusions of law. On October 17, 1988 the trial court held that Riepenhoff was not entitled to findings of fact and conclusions of law but *sua sponte* attached its November 30, 1987 decision which fully set forth the facts and law applicable to the case before it.

Riepenhoff appeals and assigns two errors.

FIRST ASSIGNMENT OF ERROR

"The court abused its discretion by failing to follow the mandates of Rule 52, Ohio Rules of Civil Procedure in setting forth separate findings of fact and conclusions of law required, upon timely request, under Rule 52."

The purpose of Civ. R. 52 is set out in *In re Adoption of Gibson* (1986), 23 Ohio St. 3d 170, where the Supreme Court held:

"The purpose of the rule is to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment."

When a party requests findings of fact and conclusions of law, he cannot complain of error or prejudice when the court sets forth its findings of fact and conclusions of law in a written opinion. *Reenan* v. *Klein* (1981), 3 Ohio App. 3d 142.

Here, although the trial court did not file findings of fact and conclusions of law per se, it did in fact attach its November 30, 1987 decision in which the court determined the facts of the case and set out the law applicable to the case.

Riepenhoff has not demonstrated that he was prejudiced by the court's denial of his request. Riepenhoff's first assignment of error is not well taken and is overruled.

SECOND ASSIGNMENT OF ERROR

"The court erred in including any portion of undistributed retained earnings held by the corporation as income to the husband in calculating child support payments."

Riepenhoff asserts that his retained earnings held by the corporation should not have been included as part of his gross income when calculating his child support payments. We agree. It appears from the record that the trial court judge included half of Riepenhoff's retained earnings in the Sub-Charter S closely held corporation because those earnings were taxed by the Internal Revenue Service as part of his gross income. While we agree that those retained earnings are taxed by the I.R.S., we believe that the trial court failed to consider the

machinations necessary for those earnings to be distributed to Riepenhoff. 26 U.S.C. 1368(e) (3) provides that such distributions may be made, but that in order to do so it must be done with the consent of all affected shareholders. Here, Riepenhoff owns only 47% of the stock in the corporation. Thus, if all other stockholders voted against such a distribution, Riepenhoff's request for a distribution of funds would be defeated. The money retained in the corporation is clearly not available to Riepenhoff merely upon request.

The trial court erred in including those earnings in Riepenhoff's gross income.

It is highly inequitable to include retained earnings as income. The shareholder has to pay taxes out of his other income and thus has less disposable income available for child support. If on top of this loss of disposable income, the shareholder is required to pay additional child support out of money he has not received, the non-custodial parent may find himself without adequate means for his own support.

We would add parenthetically that though this case deals with a closely held corporation, the trial court's ruling here would equally apply to retained earnings of a publicly traded corporation.

Appellant's second assignment of error is well taken and is sustained.

Our holding in this case must not be construed to mean that an individual ordered to pay child support or alimony may use a closely held corporation as a dodge to shelter his income to avoid paying a higher amount of support or alimony. On the facts here, however, it is evident from the record that the plan to retain earnings within the corporation existed during the marriage and before the Riepenhoffs filed for divorce. Clearly here, there has been no attempt to shelter Riepenhoff's retained earnings in an effort to reduce his alimony obligations. Thus, we reverse the trial court's decision below and remand this cause for a recalculation of Riepenhoff's child support obligation, consistent with this opinion.

It is ordered that (appellee) recover of (appellant) *her* costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the *Jackson County Common Pleas* Court to carry this judgment into execution.Any Stay previously granted by this Court is hereby terminated as of the date of filing of this Entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

*JUDGMENT REVERSED,*
*CAUSE REMANDED.*

ABELE, P.J. Dissents;
HARSHA, J. Concurs in Judgment &
Opinion with attached opinion
HARSHA, J., Concurring:

I concur in judgment and the majority opinion, however, I write separately on the second assignment of error in an attempt to avoid future misconstruction of our assessment of the law. Clearly, this decision does not mean that earnings retained within a closely held corporate structure can never be used to compute child support under the guidelines set forth in C.P. Sup. R. 75.

The proper standard of review in support cases is whether or not the trial court abused its discretion. *Booth v. Booth* (1989), 44 Ohio St. 3d 142. A mere analytical error does not constitute an abuse of discretion, but where the trial court misconstrues the letter and spirit of the law, it is clear that the court has been unreasonable and has abused its discretion. *State v. CECOS International, Inc.* (1987), 38 Ohio St. 3d 120; *Warner v. Waste Management, Inc.* (1988), 36 Ohio St. 3d 91.

Because I believe the trial court was operating under a good faith misunderstanding of the letter and spirit of the Supreme Court's child support guidelines, I concur in the reversal and remand under the facts in this case. Since many of the definitions set forth in Section III(A) of the rule seem to be working at cross purposes with the underlying principles set forth in the preface, it is understandable that the rule becomes subject to confusion in its application.

Both R.C. 3109.05(A)(3) and the preface to the guidelines indicate that a support award should be made in keeping with the concept that the child should continue to receive the same proportion of parental income that he or she would have received had the marriage continued. Furthermore, notwithstanding the definitions set forth in the guidelines concerning the computation of income, the rule is premised upon the following general consideration set forth at C.P. Sup. R. III(A)(3): "In general, income and expenses referenced herein should be carefully reviewed to determine an appropriate level of gross income *available* to

the parent to satisfy a child support obligation." It is also important to note that the unrefuted evidence in this record indicates that the decision to retain earnings within the corporation occurred prior to the domestic difficulties that gave rise to the divorce. This is significant for several reasons.

First, there is no evidence of any subterfuge or even an implication that the plan to retain earnings was a recently developed scheme designed to avoid appellant's obligation of support. Secondly, the level of gross income available to appellant to satisfy his support obligation remains at the same level as during the marriage. Accordingly, under a support order where appellant's retained earnings were not included in "gross income", the child would continue to receive the same proportion of appellant's income that he or she would have received if the marriage continued. Accordingly, I concur in reversal under the facts of this case.