This court affirms a judgment of the circuit court ordering a father to pay $1,241.70 per month in child support based upon a finding that the father's monthly income is $11,162.58. I respectfully dissent.
Klapal v. Brannon, 610 So.2d 1167 (Ala.Civ.App. 1992), holds that a trial court may consider the net income of a child-support obligor's business as income to the obligor.Klapal does not require that all income of the business be considered income to the obligor. Obviously, in determining an obligor's income, the trial court must consider the circumstances of the individual case.
In this case, the father is the sole shareholder of a closely held corporation. His annual salary is $46,499 and the corporation has retained earnings of $87,252. The trial court determined that the father's monthly income should be determined by combining those 2 figures and dividing by 12. That calculation rejects the father's argument that the trial court should not have considered all of the corporation's retained earnings as income to him, because part of those earnings were reinvested in the business. Because the record indicates that the same plan — for the father to draw a salary and to leave part of the corporation's earnings undistributed — had been followed during the marriage, it *Page 501 
does not appear that the father is trying to shelter the corporation's retained earnings in an effort to reduce his child-support obligation. See Riepenhoff v. Riepenhoff,64 Ohio App.3d 135, 138, 580 N.E.2d 846, 848 (1990).
The father's argument is supported by the record and by caselaw from other jurisdictions construing similar child-support guidelines. See, e.g., Merrill v. Merrill, 587 N.E.2d 188, 190
(Ind.App. 1992) (affirming a trial court's finding that "an entrepreneur does need a certain amount of retained earnings in order to replace depreciated assets and withstand the economic cycles and unexpected expenses inherent in any business");Riepenhoff v. Riepenhoff, 64 Ohio App.3d at 138,580 N.E.2d at 848 (holding that retained earnings should be considered as income to the payor if they are used "as a dodge to shelter . . . income to avoid paying a higher amount of support"); Ochs v. Nelson,538 N.W.2d 527 (S.D. 1995) (explaining that whether to consider retained earnings as part of child-support obligor's income is a case-by-case determination).