DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Mark Thomas Jaroch has appealed from a decision of the Summit County Court of Common Pleas, Domestic Relations Division, that denied his motion to modify child support due to changed circumstances. This Court affirms.
 I {¶ 2} Defendant-Appellant Mark Thomas Jaroch ("Father") and Plaintiff-Appellee Karla Jeanne Madalin ("Mother") were married in Corpus Christi, Texas, on November 26, 1982. Two children were born as issue of the marriage, to wit: Sean and Laurel. The parties were divorced on January 21, 2000. Both a separation agreement and a shared parenting plan were incorporated into the judgment entry of divorce. Father was ordered to pay child support in the amount of $1,000 per month per child, and to secure health insurance for the children. Father was also ordered to pay spousal support for five years.
 {¶ 3} The instant appeal stems from Father's February 4, 2002, motion to modify child support based on changed circumstances. Hearings on Father's motion were held before a Magistrate on May 1, 2002, and May 21, 2002. The Magistrate rejected Father's argument that changed circumstances were present and denied his motion to modify child support. The Magistrate made eighteen findings of fact, all of which were adopted by the trial court on August 7, 2002. This Court has determined that the following findings of facts made by the Magistrate are dispositive of the instant appeal: (1) at the time Father's child support obligation was calculated, the child support guideline worksheet indicated that his income was $180, 663 and Mother's was $48,200; (2) Father's 2001 total gross income was $157,833; (3) Father paid his new wife a salary of $31,250 in an attempt to reduce his gross income from his medical practice and, in turn, to reduce his child support obligation; (4) for the purposes of calculating his child support obligation, Father's income in 2001 was actually $189,083 — the sum total of his 2001 gross income of $157, 833 and the income diverted to his new wife of $31,250; (5) Father's income increased since the time of his divorce from Mother; (6) Father's medical malpractice insurance premium was paid by corporate check and, therefore, did not reduce his gross income of $189,083; (7) Mother's income since the time of divorce had decreased due to an embezzlement that occurred in her medical practice, but she was still imputed with an annual salary of $48,200 pursuant to the child support guideline worksheet used to calculate Father's child support obligation; (8) based on all of the evidence presented to the Magistrate, changed circumstances were not shown to exist for either party with respect to their gross income or expenses, and a modification of child support was not warranted.
 {¶ 4} On August 20, 2002, Father objected to the Magistrate's findings of fact and conclusion of law that changed circumstances were not present and a modification of Father's child support obligation was not warranted. Specifically, Father argued that: (1) the salary he paid to his new wife was not an attempt to reduce his gross income and subsequently reduce his child support obligation; (2) for purposes of calculating his child support obligation, his income was not $189,083 per year; (3) the increase in his medical malpractice insurance premium directly impacted his income; and (4) Mother was underemployed and, therefore, should be imputed with additional income for purposes of calculating his child support obligation.
 {¶ 5} On October 21, 2002, Father filed a transcript of the May 1, 2002, hearing before the Magistrate with the trial court; Father never filed a transcript of the May 21, 2002, hearing before the Magistrate with the trial court. On July 14, 2003, following its "review of Father's objection[s], the transcript, Father's memorandum and other documents in the file," the trial court overruled Father's objections to the Magistrate's conclusion that there were no changed circumstances.
 {¶ 6} Father has timely appealed the decision of the trial court overruling his objections to the magistrate's decision, asserting four assignments of error. We have consolidated Father's assignments of error for ease of analysis.
 II Assignment of Error Number One
"The trial court erred in its calculation of [father's] income by failing to take into consideration the increase in out-of-pocket business expenses."
 Assignment of Error Number Two
"The trial court erred in its calculation of [father's] income by including his wife's income and finding that it was wrongfully diverted and a voluntary attempt on the part of [father] to reduce his gross income for child support purposes."
 Assignment of Error Number Three
"The trial court erred in its calculation of [mother's] income by failing to consider her underemployment and by failing to consider her actual earnings."
 Assignment of Error Number Four
"The trial court erred in its finding that there was no change in circumstances based upon the foregoing errors and thus erred in denying [father's] request to modify support."
 {¶ 7} In his first, second, third, and fourth assignments of error, Father has essentially argued that the trial court abused its discretion when it adopted the Magistrate's findings of fact and conclusion of law that changed circumstances were not present and subsequently denied his motion to modify child support.
 {¶ 8} It is well established that a trial court's decision regarding child support obligations falls within the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. Booth v. Booth (1989),44 Ohio St.3d 142, 144. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169. "Although the standard of review in child support cases is abuse of discretion, an appellate court should not reverse factual findings of the trial court if there is `some competent and credible evidence' in support of the trial court's findings."Huff v. Huff (March 19, 2003), 9th Dist. No. 20934, 2003-Ohio-1304, at ¶ 22.
 {¶ 9} This Court first notes that Civ.R. 53(E)(3)(b) governs objections to a magistrate's decision and states, "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to thatfact or an affidavit of that evidence if a transcript is not available." (Emphasis added.) Loc.R. 14.03(B) of the Summit County Court of Common Pleas, Domestic Relations Division, is essentially identical to Civ.R. 53(E)(3)(b).
 {¶ 10} Our careful review of Father's assignments of error reveals that in each assignment of error, he has challenged a finding of fact made by the Magistrate. We have reviewed the transcript from the May 1, 2002, hearing and find that it does not contain any evidence that speaks to the objections Father made to the trial court regarding the Magistrate's findings of fact. Because it was the only transcript submitted to the trial court, the trial court was left with no option but to accept all of the Magistrate's findings of fact and overrule Father's objections. It follows that this Court must also accept all of the Magistrate's findings of fact as true.
 {¶ 11} Accepting the Magistrate's findings of fact as true, this Court finds that the Magistrate's findings of fact served as competent credible evidence in support of the conclusion that changed circumstances were not present and, therefore, Father was not entitled to a modification of his child support obligation. As a result, this Court concludes that the trial court did not abuse its discretion when it adopted the Magistrate's decision and denied Father's motion to modify child support based on changed circumstances. Father's first, second, third, and fourth assignments of error lack merit.
 III {¶ 12} Father's four assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
Baird and Batchelder, JJ., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Baird, J., Batchelder, J., Concur.