DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michelle J. Nickoloff, n.k.a. Michelle J. Wilson, appeals pro se from the decision of the Lorain County Court of Common Pleas which affirmed a magistrate's decision. Appellant claims multiple errors relating to a modification of child support and the denial of attorney's fees. For the reasons that follow, we dismiss for lack of jurisdiction.
 {¶ 2} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied. Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88. Pursuant to R.C.2505.02(B)(1), a final order is one that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"
 {¶ 3} When a trial court reviews a magistrate's decision, the judge must actually order judgment for a decision to be final.Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211,221.
"[A]lthough the judge entirely agrees with the decision of the magistrate, the judge must still separately enter his or her own judgment setting forth the outcome of the dispute and the remedy provided. * * * The judge is not permitted to conclude the case by simply referring to the magistrate's decision, even though it may appear more expedient to do so. * * * [A] trial court order stating only that it is adopting a magistrate's decision does not disclose how the trial court is resolving the issues submitted to it, and, therefore, is not final." (Citations omitted.) Id. at 218, 221.
 {¶ 4} In this case, the trial court entered two decisions regarding multiple issues decided by the magistrate below. However, as to child support, the court merely stated that "the Magistrate's determination of the child support was properly determined and supported by the testimony and evidence." The court's decision in no way indicates or orders payment of a modified amount of child support. The court also did not make any order regarding attorney's fees, but only stated that "[t]he Court cannot say as a matter of law that the Magistrate erred when he did not award fees[.]" The decisions as per child support and attorney's fees are not final orders, and we do not have jurisdiction to hear this case. See id; Kellar v. Kellar, 9th Dist. No. 03CA0059, 2004-Ohio-2243, at ¶ 5-6. Accordingly, we dismiss the appeal for lack of jurisdiction.
Appeal dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Boyle, J. Concur.