DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michelle J. Nickoloff, n.k.a. Michelle J. Wilson, appeals pro se from the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, which adopted a magistrate's decision and modified a prior child support order. We affirm.
 I. {¶ 2} Appellant and Appellee, James R. Nickoloff, were divorced on April 1, 1999. At the time of the divorce, the trial court ordered Appellee to pay $1,324.27 monthly child support. On June 4, 2002, Appellee requested an administrative review and modification of the original child support order. The Lorain Child Support Enforcement Agency (CSEA) conducted some investigation and recommended a reduction in Appellee's child support payments effective October 1, 2002. Appellant filed timely objections to this recommendation, which was then referred to a magistrate. On July 1, 2003, following a discovery dispute, the magistrate modified Appellee's child support obligation to $865.11 per month, effective October 1, 2002. The magistrate also denied an earlier motion by Appellant for attorney's fees.
 {¶ 3} The trial court adopted the magistrate's decision on July 3, 2003, whereupon Appellant timely filed objections to the magistrate's decision. The trial court overruled Appellant's objections on November 24, 2003, but remanded the case to the magistrate because the dependency exemption had not been addressed. The magistrate and trial court judge jointly signed a decision awarding the dependency exemption on December 5, 2003. Appellant timely appealed, but this Court dismissed the appeal for lack of a final appealable order. Nickoloff v. Nickoloff, 9th Dist. No. 03CA008415, 2004-Ohio-4327. Following our dismissal, the trial court properly entered judgment with regard to child support. Appellant has timely appealed that judgment, raising six assignments of error for our review. For ease, Appellant's second and third assignments of error will be reviewed together.
 II. ASSIGNMENT OF ERROR I
"The trial court erred and abused its discretion in not requiring appellee to provide proof of a change of circumstances associated with his request for a modification of child support. subsequently, the burden of proof was inappropriately shifted to appellant."
 {¶ 4} In her first assignment of error, Appellant alleges that the trial court improperly shifted the burden of proof onto her to prove that a substantial change of circumstances warranting a modification of child support had not occurred. We disagree.
 {¶ 5} The law is quite clear that the party seeking modification of child support bears the burden of showing that a substantial change in circumstances has occurred. Jurewicz v. Rice (Nov. 14, 2001), 9th Dist. No. 3190-M. Appellant in this case has argued that the trial court incorrectly placed the burden of proof upon her to show that a substantial change in circumstances did not occur. However, after reviewing the language of the decisions of the magistrate and trial court below, we can find no reference to any incorrect shifting of the burden of proof in this matter. The trial court correctly placed the burden of proof upon Appellee and found that there was sufficient evidence to support modification of child support in this case. Appellant's primary contentions lie in the factual findings which the magistrate and court used to support their determination that a change in income had occurred. Those contentions are addressed below. Accordingly, we overrule Appellant's first assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court erred and abused its discretion when it failed to require appellee to verify his income as is required by [R.C] 3119.05(a) and 3119.68(B)(3). This abuse of discretion continued when the trial court did not enforce the order of november 19, 2002 as is required by [R.C] 3119.72."
 ASSIGNMENT OF ERROR III
"The trial court failed to closely scrutinize the corporate tax returns and financial records of the appellee's family business to determine if his self-imposed reduction of salary was warranted. The trial court erred and abused it's discretion when it failed to impute a threshold income to appellee based on his previous salary, potential income and that of other employee's of nickoloff builders with less experience and responsibility. The trial court failed to require appellee to provide any credible evidence which otherwise substantiate's his decrease in income or gives merit to his self-imposed salary reduction." (sic)
 {¶ 6} In her second assignment of error, Appellant argues that the trial court erred in failing to require Appellee to verify the income he reported to the Court. In her third assignment of error, Appellant asserts that the trial court failed to properly scrutinize the evidence presented at the hearing. We disagree.
 {¶ 7} This Court will not reverse the trial court's findings of fact if they are supported by some competent and credible evidence in the record. Jaroch v. Madalin, 9th Dist. No. 21681, 2004-Ohio-1982, at ¶ 8. The record does not bear out Appellant's contention that Appellee did not verify his income. Appellee testified regarding his salary and the in-kind benefits he received from Nickoloff Builders. Appellee was also cross-examined at length regarding his personal expenses that were paid by Nickoloff Builders. In addition, numerous exhibits were submitted to the trial court regarding the parties' incomes. These exhibits included tax returns, invoices from credit cards, pay stubs, and financial records from Nickoloff Builders. Appellant maintains that these documents do not accurately reflect Appellee's income. However, Appellant produced no evidence that Appellee's income was improperly reported in any of these documents.
 {¶ 8} We further find no support for Appellant's contention that the trial court did not properly scrutinize Appellee's income. Claims such as Appellant's require courts to make sure that the support obligor is not merely attempting to manipulate his income and wrongfully shelter a portion of it from his support obligations. See Riepenhoff v. Riepenhoff
(1990), 64 Ohio App.3d 135, 139. The trial court was in a better position than this Court to make the credibility assessments essential to such a determination. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The trial court found that Appellee received income in the amount of $26,070 from Nickoloff Builders. The court also went into detail regarding the in-kind benefits that Appellee received, including the use of a company car, company credit cards, and Cleveland Browns season tickets for Appellee and his new wife. The trial court also indicated that Appellee received income from another partnership in which he maintained a partial ownership.
 {¶ 9} As such, the trial court had before it testimonial and physical evidence regarding Appellee's income. As each of the findings regarding Appellee's income was supported by competent credible evidence, we cannot say that the trial court erred in determining Appellee's income. Accordingly, Appellant's second and third assignments of error are overruled.
 ASSIGNMENT OF ERROR IV
"The trial court erred, abused it discretion by arbitrarily modifying the order for child support retroactive to October 1, 2002. further, the court based the retroactive modification on amounts of income for appellant which were inaccurate and against the manifest weight of the evidence presented."
 {¶ 10} In her fourth assignment of error, Appellant avers that the trial improperly modified child support in a retroactive manner. In addition, Appellant argues that the trial improperly imputed income to her. We disagree.
 {¶ 11} With respect to Appellant's claim that the trial court erred in making its order retroactive, we find that Appellant has waived any error. Civ.R. 53(E)(3)(d) states as follows:
"[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under [Civ.R. 53(E)(3)]."
 {¶ 12} Appellant did not file an objection alleging that the support order should not be modified retroactively. Accordingly, we do not reach the merits of Appellant's contention that retroactively modifying the support order was error.
 {¶ 13} Further, while Appellant did object to the magistrate's finding with respect to her income, her contention on appeal is that no income should have been imputed to her at all. Appellant asserts that due to the fact that she was not working at certain times that her income for those periods should have been zero. We disagree.
 {¶ 14} Decisions regarding child-support obligations are within the discretion of the trial court and will not be disturbed absent an abuse of discretion. Rock v. Cabral (1993), 67 Ohio St.3d 108, syllabus. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} Appellant testified that she was not employed for a portion of the time period affected by the support modification order and as such, she asserts that her income for the purposes of support for that period should have been zero. R.C. 3119.01(C)(11), however, permits the trial court to impute income to a voluntarily unemployed individual. Appellant had not challenged any of the findings surrounding the trial court's decision to impute income to her. As such, "[i]f an argument exists that can support [Appellant's assertion], it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349, 18673. Accordingly, Appellant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V
"The trial court erred and abused its discretion by not awarding attorney fees to appellant based on the manifest weight of the evidence of the party's respective incomes. the trial court erred and abused its discretion by not awarding attorney fees to appellant based on appellee's misconduct throughout the administrative and judicial process and his intentional causing of those fees to be significantly increased by his failure to provide full disclosure of all sources of income and compensation to the C.S.E.A. and the court." (sic)
 {¶ 16} In her fifth assignment of error, Appellant argues that the trial court erred in failing to order Appellee to pay a portion of her attorney fees. We disagree.
 {¶ 17} A decision regarding an award of attorney fees is left to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Holcomb v. Holcomb (Sept. 26, 2001), 9th Dist. No. 01CA007795, at 21, citing Bowen v. Bowen (1999), 132 Ohio App.3d 616,642. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore, 5 Ohio St.3d at 219.
 {¶ 18} R.C. 3105.18(H) provided at the time of decree, in relevant part:
"In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including * * * any proceeding arising from a motion to modify a prior order or decree * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees." (Eff. 1/1/98; provision deleted 4/27/05 by 150 v H 36)
 {¶ 19} Appellant does not argue that she presented sufficient evidence to the trial court in support of her assertion that she would be prevented from fully litigating her rights without an award. Despite this, Appellant maintains that it was error for the trial court to deny her an award of fees. A showing that she was unable to effectively litigate her case, however, is expressly required by the language in R.C. 3105.18(H). Ohlemacher v. Ohlemacher, 9th Dist. No. 04CA008488, 2005-Ohio-474, at ¶ 40.
 {¶ 20} Appellant instead asserts that she presented competent, credible evidence of her attorney's fees and the disparity in income between the parties. Disparity in income is not a factor under R.C.3105.18(H). Id at ¶ 41. Thus, it is not a factor which must be considered in determining whether to award attorney fees in this context. See Hirt v. Hirt, 9th Dist. No. 03CA0110-M, 2004-Ohio-4318, at ¶ 14 (concluding that the trial court did not abuse its discretion in denying the wife's motion for attorney's fees despite the disparity in the party's incomes).
 {¶ 21} As Appellant has failed to demonstrate that she would be unable to adequately protect her interests and fully litigate her rights without an award of her attorney's fees, we cannot say that the trial court abused its discretion in not granting her attorney's fees. Accordingly, Appellant's fifth assignment of error is overruled.
 ASSIGNMENT OF ERROR VI
"The trial court erred and abused its discretion by not imposing discovery sanctions on appellee for discovery violations relating to appellant's motion to compel as is required by civil rule 37(a)(4)."
 {¶ 22} In her final assignment of error, Appellant alleges that the trial court erred in failing to sanction Appellee for discovery violations. This Court finds that Appellant's assertion lacks merit.
 {¶ 23} The record in this matter indicates that no motion to compel was ever filed against Appellee. Appellant filed a motion to compel against two business entities that did not promptly provide information pertinent to Appellee's income. These entities were not parties to the suit below and are not parties to this appeal. In addition, the record does not reflect that Appellee committed any violations of the discovery rules. Accordingly, Appellant's final assignment of error is overruled.
 III. {¶ 24} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, Division of Domestic Relations, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Batchelder, J. concur.