[Cite as *Trammell v. McCortney*, 2011-Ohio-6598.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JASON TRAMMELL

    Appellee

    v.

MICHAEL MCCORTNEY

    Appellant

C.A. No.     25840

APPEAL FROM JUDGMENT
ENTERED IN THE
BARBERTON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.     10 CVI 2851

DECISION AND JOURNAL ENTRY

Dated: December 21, 2011

CARR, Judge.

{¶1}   Michael McCortney appeals the judgment of the Barberton Municipal Court. This Court affirms.

I.

{¶2}   On December 2, 2010, appellee, Jason Trammell, filed a complaint against McCortney in which he alleged a claim of unjust enrichment. Trammell prayed for damages in the amount of $3,000.00 as compensation for a driveway he installed on McCortney's property. The matter proceeded to a hearing before the magistrate who recommended that judgment be entered in favor of Trammell in the amount of $2,000.00, plus interest and costs. McCortney filed objections to the magistrate's decision. The trial court overruled McCortney's objections, adopted the decision of the magistrate, and entered judgment in favor of Trammell in the amount of $2,000.00. McCortney appealed, raising two assignments of error for review.

II.

## ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT SUFFICIENT EVIDENCE WAS PRESENTED TO DEMONSTRATE THE CREATION OF AN EASEMENT BY ESTOPPEL."

{¶3} McCortney argues that the trial court erred by finding sufficient evidence to establish the creation of an easement by estoppel. This Court disagrees.

{¶4} In cases where the matter was initially heard by a magistrate who issued a decision to which objections were filed and disposed, "[a]ny claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." *Mealey v. Mealey* (May 8, 1996), 9th Dist. No. 95CA0093.

{¶5} Here, McCortney misconstrues both the nature of Trammell's claim and the trial court's order. Trammell filed a claim for unjust enrichment, not for a declaration that an easement by estoppel had been created. Significantly, the trial court entered judgment in favor of Trammell on his sole claim and awarded monetary damages. McCortney's argument in his first assignment of error is misplaced and irrelevant to the action taken by the trial court. Accordingly, his first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING PLAINTIFF-APPELLEE MONETARY DAMAGES[.]"

{¶6} McCortney argues that the trial court erred in awarding monetary damages to Trammell on his claim for unjust enrichment. His argument must properly be construed as an allegation that the trial court's award is against the weight of the evidence. This Court disagrees.

{¶7} In determining whether the trial court's decision is or is not supported by the manifest weight of the evidence, this Court applies the civil manifest weight of the evidence

standard set forth in *C.E. Morris Co. v. Foley Const. Co.* (1978), 54 Ohio St.2d 279, syllabus, which holds: "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." The Ohio Supreme Court has clarified that:

> "when reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct. *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80-81. This presumption arises because the trial judge had the opportunity 'to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' Id. at 80. 'A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not.' Id. at 81." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, at ¶24.

{¶8} To prevail on a claim of unjust enrichment, Trammell must prove the following elements: "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant had knowledge of the benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust for him to retain that benefit without payment." *Apostolos Grp., Inc. v. Josephson* (Feb. 20, 2002), 9th Dist. No. 20733.

{¶9} Civ.R. 53(D)(3)(b)(iii) states in relevant part: "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." McCortney failed to file either a transcript or affidavit of the evidence submitted to the magistrate to the trial court when he filed his objections to the magistrate's decision. McCortney's objections to the magistrate's decision challenged the factual determinations made by the magistrate. Accordingly, he was required to file a transcript of the hearing or an affidavit of the evidence before the magistrate pursuant to

Civ.R. 53(D)(3)(b)(iii). Because he failed to do so, the trial court had no option but to accept the magistrate's factual findings of fact and overrule McCortney's objections. See *Jaroch v. Madalin*, 9th Dist. No. 21681, 2004-Ohio-1982, at ¶10. Moreover, in the absence of a properly filed transcript or affidavit of the evidence, this Court must also conclude that the trial court's decision was supported by some competent, credible evidence and affirm.

{¶10} Although McCortney filed an App.R. 9(C) statement of the evidence, approved by the trial court, in conjunction with this appeal, the statement constitutes evidence outside the record of the trial court's proceedings and this Court may not consider it. See *McAuley v. Smith* (1998), 82 Ohio St.3d 393, 396.

{¶11} McCortney's second assignment of error is overruled.

### III.

{¶12} McCortney's assignments of error are overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

ROBERT E. SOLES, JR. and KARA DODSON, Attorneys at Law, for Appellant.

JASON TRAMMEL, pro se, Appellee.